COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§      No. 08-07-00027-CV

§

IN THE MATTER OF      Appeal from the

§

E.I.G., A JUVENILE      65th District Court

§

of El Paso County, Texas

§

(TC# 05,01512)

§

## **O P I N I O N**

E.I.G. challenges the legal and factual sufficiency of the evidence to support the jury's finding that he engaged in delinquent conduct by committing the offense of aggravated sexual assault. We will affirm the judgment as modified.

The victim, M.C., testified that on the night of October15, 2005, she went with Jeanette, her sister Gemma, Oscar, and Oscar's uncle to a house in Socorro, TX. There, M.C. had several teguila drinks and Oscar also gave her an ecstasy pill. Later, Jeanette asked Oscar's uncle where M.C. was, and he said that she was in his room with E.I.G. Oscar's uncle would not let her go into the room.

M.C.'s next memory was waking up in a room with a man she did not know, and she was only wearing her blouse. She did not remember if the male in the room with her did anything. At school, the following Tuesday, she reported to Ms. Rodriguez, a counselor, that she had been sexually assaulted. She believed she had been assaulted because her vagina was hurting, she had a hickey, and was not wearing her clothes when she awoke.

Gemma testified that M.C. got her own drinks at the party, and asked Oscar for an ecstasy pill. Gemma said M.C. and E.I.G. went into a bedroom for about forty-five minutes. When Gemma opened the door, she saw E.I.G. on top of M.C. Gemma asked E.I.G., "Did you f*** [M.C.]?" in Spanish. He replied "yes." Gemma also testified that she did not see either of them naked or having sexual intercourse.

Detective Arriola testified that he was assigned to investigate a sexual assault and told to proceed to Sierra Medical. The rape exam only reached the preliminary stages because the seventy-two hour period had already elapsed. Detective Arriolla sent the clothes that M.C. had been wearing to the lab to be analyzed. The lab report stated that no indications of semen or blood was detected on the victim's panties, and no stains having the appearance of semen were detected on the pants or blouse. The rape kit report shows that no body surface injuries were noted, no signs of trauma in the genital area were found, a check for sperm was not done, and the doctor found the exam to be negative.

In Issue One, Appellant argues that the evidence was legally and factually insufficient because the State did not present evidence that the Appellant sexually assaulted M.C. by having his sexual organ contact M.C.'s sexual organ, and failed to corroborate Appellant's oral statement to Gemma. We review adjudications of delinquency in juvenile cases by applying the same standards applicable to sufficiency of the evidence challenges in criminal cases. *In re M.C.L.*, 110 S.W.3d 591, 594 (Tex.App.--Austin 2003, no pet.).

In a legal sufficiency challenge, we consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a

reasonable doubt. *Rollerson v. State*, 227 S.W.3d 718, 724 (Tex.Crim.App. 2007). Evidence that is legally sufficient, can still be factually insufficient. *Id*. In reviewing the factual sufficiency of the evidence, we view all the evidence in a neutral light. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). Evidence is factually insufficient to support the verdict if it is clearly wrong or manifestly unjust, or the verdict is against the great weight and preponderance of the evidence. *Rollerson*, 227 S.W.3d at 724. Under both standards, the reviewing court must consider all of the evidence. *Id*. "The difference between the two standards is that the former requires the reviewing court to defer to the jury's credibility and weight determinations while the latter permits the reviewing court to substitute its judgment for the jury's on these question 'albeit to a very limited degree.'" *Id*., *quoting Watson v. State*, 204 S.W.3d 404, 416-17 (Tex.Crim.App. 2006). There is little actual difference between the two standards of review. *Id*.

Sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). A hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id*. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument. *Curry v. State*, 30 S.W.3d 394, 404 (Tex.Crim.App. 2000). This standard can be applied to all trials, whether to the bench or to the jury, whether or not the indictment is facially complete, and regardless of the specific wording of the jury charge actually given. *Malik*, 953 S.W.2d at 240. This standard ensures that a judgment of acquittal is reserved for when there is an actual failure in the State's

proof of the crime rather than a mere error in the jury charge submitted. *Id*. The hypothetically

correct standard applies to factual sufficiency reviews as well. *See Wooley v. State*, 273 S.W.3d

260, 266-67 (Tex.Crim.App. 2008).

The petition based on delinquent conduct states in relevant part:

(Count 2) That said child engaged in delinquent conduct, to wit: the above name child engaged in conduct other than a traffic offense, which violated a penal law of this State punishable by imprisonment in that heretofore, to wit: on or about the 15th day of October, 2005, and anterior to the presentment of this petition, in the County of El Paso and State of Texas, the said E.I.G., did then and there intentionally or knowingly cause the sexual organ of [M.C.], to contact the sexual organ of the said E.I.G. and without the consent of the said [M.C.], in violation of Section 22.021 of the Texas Penal Code.

The instructions to the jury includes the following definition:

**AGGRAVATED SEXUAL ASSAULT**

A person commits an offense if the person intentionally or knowingly causes the sexual organ of another person without that person's consent to contact or penetrate the mouth, anus, or sexual organ of another person including the actor.

The instructions for Count 2 state:

Now, if you find from the evidence beyond a reasonable doubt, that on or about the 15th day of October, 2005, in the County of El Paso and State of Texas, that the said E.I.G., did then and there intentionally or knowingly cause the sexual organ of [M.C.], to contact the sexual organ of the said E.I.G. and without the consent of the said [M.C.], has engaged in delinquent conduct as alleged in Special Issue Number Two.
Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, that the juvenile has engaged in delinquent conduct under Special Issue Number Two, you will find that the juvenile has not engaged in delinquent conduct for the charge of Aggravated Sexual Assault.

The jury found and the order of adjudication states that E.I.G. had engaged in delinquent conduct

of aggravated sexual assault. The documents set out the elements of the offense as intentionally

or knowingly cause the sexual organ of M.C., to contact the sexual organ of the said E.I.G. and

without the consent of the said M.C., in violation of Section 22.021 of the Texas Penal Code. These elements only make up the offense of sexual assault not aggravated sexual assault. *See* TEX.PENAL CODE ANN. §§ 22.011, 22.021 (Vernon Supp. 2008). There are no aggravating factors alleged in the petition of delinquent conduct, instructions to the jury, or the special issues. As such, we will review the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case, which in this case is sexual assault not aggravated sexual assault. *See Malik*, 953 S.W.2d at 240.

Appellant argues that the evidence is both legally and factually insufficient. More specifically, Appellant argues the State failed to present any evidence that Appellant's sexual organ made contact with the sexual organ of M.C., and the evidence supporting the verdict is too weak to support a finding of guilt beyond a reasonable doubt..

The evidence at trial showed that E.I.G. was in a bedroom with M.C. for approximately forty-five minutes. Gemma saw E.I.G. on top of M.C., and he jumped off when she opened the door. Gemma asked E.I.G. "[D]id you f*** [M.C.]?," and E.I.G. responded "yes." Gemma said it looked like E.I.G. was having sex with M.C., and M.C. was unconscious. M.C. testified that she woke up naked from the waist down. M.C. also said that her vagina hurt afterwards. Gemma stated that she did not see them having sex, and it looked like E.I.G. had pajamas on. The rape kit was not completed, but the examination showed that there was no visible trauma to the sexual organs of M.C. A check for sperm was not done, and the report states that the exam was negative. The clothing that was sent to be analyzed contained no blood or semen.

Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and is sufficient by itself to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13

(Tex.Crim.App. 2007). Appellant was seen on top of an unconscious M.C., and jumped off her when someone entered in the room. M.C. said she was only wearing her blouse when she came to. E.I.G. stated that he had sexual intercourse with M.C. when asked about it by Gemma. The Court of Criminal Appeals has held:

> While an uncorroborated extrajudicial statement of a defendant is insufficient to establish the corpus delicti of a crime, if there is some evidence corroborating a confession, the confession may be used to establish the corpus delicti . . . .
>
> .    .    .
>
> [A]nd the extrajudicial admission sufficiently supported the jury's finding beyond a reasonable doubt that appellant committed the offense.

*Fisher v. State*, 851 S.W.2d 298, 302 (Tex.Crim.App. 1993).

We find after reviewing the evidence in light most favorable to the verdict that a rational jury could have found the essential elements of the offense beyond a reasonable doubt, and after a neutral review of the evidence that the verdict is neither clearly wrong or manifestly unjust or against the great weight and preponderance of the evidence. Appellant's sole issue is overruled.

As an appellate court, we have the authority to modify the trial court's judgment and affirm it as modified. TEX.R.APP.P. 43.2(b). While the offense in the indictment, instructions, and order of adjudication is labeled as aggravated sexual assault under TEX.PENAL CODE ANN. § 22.021, the elements of the offense only encompass sexual assault under TEX.PENAL CODE ANN. § 22.011. Accordingly, we modify the order of adjudication to reflect that E.I.G. engaged in delinquent conduct of sexual assault in violation of TEX.PENAL CODE ANN. § 22.011.

Having overruled Appellant's sole issue, we affirm the judgment of the trial court as modified.

May 20, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., Not Participating